UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil action no.: 13-8402 |
| **NORWOOD COMMERCIAL CONTRACTORS, INC.,** and **DOUGLAS HUDSON,** an individual, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## COMPLAINT

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain defendants, **NORWOOD COMMERCIAL CONTRACTORS, INC.,** an Illinois corporation, and **DOUGLAS HUDSON,** an individual, (hereinafter collectively "defendants"), from violating the provisions of sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.)(hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

**II**

(A) Defendant, **NORWOOD COMMERCIAL CONTRACTORS, INC.,** is and, at all times hereinafter mentioned, was an Illinois corporation with an office and a place of

business at 214 Park Street, Bensenville, Illinois 60106 in DuPage County, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in the commercial construction business and in the performance of related types of activities.

(B) Defendant, **DOUGLAS HUDSON**, an individual, is the owner of defendant **NORWOOD COMMERCIAL CONTRACTORS, INC.,** and at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate defendant in relation to its employees. At all times hereinafter mentioned, **DOUGLAS HUDSON** was engaged in business within DuPage County at 214 Park Street, Bensenville, Illinois 60106, within the jurisdiction of this court. **DOUGLAS HUDSON** acted directly or indirectly in the interest of **NORWOOD COMMERCIAL CONTRACTORS, INC.,** in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

### III

**NORWOOD COMMERCIAL CONTRACTORS, INC.,** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

### IV

**NORWOOD COMMERCIAL CONTRACTORS, INC.,** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or

materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants have repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, defendants misclassified certain employees as independent contractors; paid employees straight time when they had worked in excess of 40 hours in many workweeks; failed to pay for travel time to and from assignments when employees worked away from home; took illegal deductions in overtime workweeks; and, for a short period of time, banked overtime hours.

VI

Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found

in 29 C.F.R. 516, in that they reduced the number of hours worked submitted for payroll and failed to maintain accurate records of hours worked, among other things.

### VII

During the period since January 16, 2012, defendants have repeatedly and willfully violated the provisions of the Act as set forth above. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

    **A.** For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the defendants, their officers, agents servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

    **B.** For an Order:

        **1.** pursuant to section 16(c) of the Act, finding defendants liable for overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A; or, in the event liquidated damages are not awarded,

        **2.** pursuant to section 17, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of overtime compensation found to be due their employees and pre-judgment interest computed at the

underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

**C.** For an Order awarding plaintiff the costs of this action; and

**D.** For an Order granting such other and further relief as may be necessary and appropriate.

                    **M. PATRICIA SMITH**
                    Solicitor of Labor

                    **CHRISTINE Z. HERI**
                    Regional Solicitor

| P.O. ADDRESS: | _s/ Linda J. Ringstad_____ |
|---|---|
| | **LINDA J. RINGSTAD** |
| Office of the Solicitor | Counsel for Wage and Hour |
| U.S. Department of Labor | |
| 230 S. Dearborn St., Room 844 | Attorneys for **THOMAS E. PEREZ**, |
| Chicago, Illinois 60604 | Secretary of Labor, United States |
| Telephone no.: 312/353-3668 | Department of Labor, Plaintiff |
| E-mail: ringstad.linda@dol.gov | |

5

**EXHIBIT A**

Addison, Yolanda
Allen, Michael
Anderson, Andrew
Arias, Ismael
Berner, Rick
Bryson, Stephen
Bulanda, Grzegorz
Buttacavoli, Josephine
Callahan, Scott
Campos, Guillermo
Carey, Carl
Castro, Francisco
Coats, Derrick
Collery, Paul
Contreas, Luis
Coronado, Jesus
Costantini, Dominic
Dauzvardis, Alex
Deckert, Renny
Earnest, James
Earnest, Joe
Estefania, Erasto
Field, Mark
Fisher, Jamall
Flores, Jose
Flores, Robert
Garcia, Luis
Garcia, Luis E.
Gentile, John
Griggs, James
Guerrero, Francisco
Guerrero, Oscar
Hampton, Gary
Hernandez, Daniel
Hernandez, Eric
Horta, Issac
Hudson, Anthony
Hudson, Mike
Huey, Joshua
Kostov, Krasimir
Larson, Donald
Larson, Jacob
Leyva, Jesus
Long, Bradley

Long, Chris
Long, Michael
Lorenzo, Moises
Mangana, Manuel
Manolis, Chris
Maravilla, Salomon
Mariscal, Abel
Martin, Warren
McKee, Thomas
Morales, Carlos
Morales, Roberto
Motes, David
Nalley, Jerry
Nelson, Russell
Palanca, Mike
Parish, Ben
Pascual, Alejandro
Pascual, Vincente
Pascual, Jr., Alejandro
Paulsen, Matthew
Payan, Brian
Peck, William
Pelletreau, John
Pickett, Edward
Quigley, Chris
Ray, Corey
Rodriguez, Juan
Rodriguez, Raul
Sharp, Jr., Robert
Sierra, Enrique
Silvia, Jason
Simon, James
Solano, Ernesto
Sossong, Richard
Stanhope, Daniel
Stepps, James
Sutphin, Andrew
Sutzberger, Robert
Tautkus, Brian
Thompson, Brian
Vaca, Fernando
Valenti, Dario
Valenti II, Michael
Viggiano, Michael
Villalba, Issac
Watson, Clifton

Weekly, Jeff
Weiss, Doug
Wright, Reginald
Zbylut, Duane